**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ANDRE J. TWITTY,

     Defendant - Appellant.

No. 16-1322
(D.C. No. 1:13-CR-00076-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

     Defendant-Appellant Andre Twitty appeals from his conviction in the United

States District Court for the District of Colorado for two counts of mailing

threatening communications, in violation of 18 U.S.C. § 876(c).  He argues the

district court abused its discretion in admitting two sets of exhibits at trial, requiring

reversal.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

# I.  BACKGROUND[1]

## A.  *1999 Conviction and Post-Conviction Proceedings*

In 1999, Mr. Twitty was convicted in a Georgia federal district court for making bomb threats and threatening federal law enforcement.  Assistant United States Attorney ("AUSA") David Leta prosecuted Mr. Twitty.  Judge J. Owen Forrester presided over the trial and sentencing.  The Eleventh Circuit Court of Appeals affirmed his conviction.

Mr. Twitty filed two habeas petitions under 28 U.S.C. § 2255, which Judge Forrester denied.  The Eleventh Circuit denied Mr. Twitty's appeal of one of the denials.

From 2005 to 2008, Mr. Twitty filed seven habeas petitions under 28 U.S.C. § 2241 and one Rule 60(b)(4) motion to vacate the judgment in federal district court in Connecticut, where he was serving his sentence at a federal penitentiary.  Judge Peter Dorsey denied each petition and motion.

## B.  *Threatening Letters*

In 2011, Mr. Twitty, while incarcerated at the federal prison in Florence, Colorado, mailed a letter addressed to Northern District of Georgia U.S. Attorney Sally Yates and another to the U.S. district court in Connecticut.  The letters contained threats directed to AUSA Leta, Judge Forrester, Judge Dorsey, the

---

[1] We refer to the record on appeal as "ROA" and the supplemental record as "SROA."

Eleventh Circuit, the Second Circuit, and the U.S. Attorney for Georgia. He later admitted to writing and mailing each of those letters.

As an example, one letter described how Mr. Twitty "started having these 'DREAMS'" of killing AUSA Leta and Judge Forrester. *See* SROA at 10. Another letter mentioned ricin—a deadly poison—and specific weapons and ammunition. *See, e.g.*, SROA at 5 (mentioning a Colt .357 and Remington .700). The letters also mentioned specific court orders. *See* SROA at 9 (mentioning an Eleventh Circuit "fraudulent" order).

## C. *First Trial*

The letters led to his prosecution and conviction for two counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c), in federal district court in Colorado. On appeal, we affirmed his conviction. *United States v. Twitty*, 591 F. App'x 676, 684 (10th Cir. 2015).

The Supreme Court vacated our judgment and remanded for further consideration in light of its decision in *Elonis v. United States*, 135 S. Ct. 2001 (2015). *Twitty v. United States*, 136 S. Ct. 90 (2015) (Mem.). *Elonis* clarified that the mental state for a § 876(c) offense requires that a defendant "transmit[] a communication for the purpose of issuing a threat or with knowledge that the communication will be viewed as a threat." 135 S. Ct. at 2012. On remand, we reversed Mr. Twitty's conviction and remanded to the district court because the district court did not instruct the jury on the requisite mental state of § 876(c) at the first trial. *United States v. Twitty*, 641 F. App'x 801, 805, 808 (10th Cir. 2016).

D.  *Second Trial*

Following our reversal, the Government filed a second superseding indictment charging Mr. Twitty with the two counts of violating § 876(c).  The indictment included a charge that he sent the letters "for the purpose of issuing a threat, and with knowledge that the communication[s] would be viewed as a threat," as required by *Elonis*.  ROA, Vol. 1 at 71, 73.  At trial, the Government introduced Mr. Twitty's threatening letters, SROA, Exs. 1-2, and copies of the court orders denying his direct appeal and habeas petitions.[2]  Mr. Twitty's counsel objected to the orders' admission on relevancy and hearsay grounds.  The court overruled the objections.

The Government also introduced photos of the weapons and ammunition described in Mr. Twitty's letters.  SROA, Exs. 18-26.  Mr. Twitty's counsel objected based on relevancy and Federal Rule of Evidence 403.[3]  The court overruled those objections.

After being instructed on the proper mental state under *Elonis*, the jury found Mr. Twitty guilty of both counts of mailing threatening communications.  The court

---

[2] SROA, Ex. 4 (J. Forrester Order, 10/31/07), Ex. 5 (J. Forrester Order, 11/16/10), Ex. 6 (11th Cir. Order, 1/8/02), Ex. 7 (11th Cir. Order, 11/24/10), Ex. 8 (J. Dorsey Order, 12/19/05), Ex. 10 (J. Dorsey Order, 5/31/06), Ex. 13 (J. Dorsey Order, 3/17/08), Ex. 14 (J. Dorsey Order, 4/22/08), Ex. 15 (J. Dorsey Order, 7/15/08), Ex. 16 (J. Dorsey Order, 11/3/08), Ex. 17 (J. Dorsey Order, 12/9/2008).

[3] Rule 403 allows a court to exclude "relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

sentenced him to 60 months in prison on the first count and 78 months on the second count, to run concurrently.

## II. **DISCUSSION**

On appeal, Mr. Twitty argues the district court erred in admitting (1) the court orders and (2) the weapons and ammunition photos. We deny both of Mr. Twitty's challenges and affirm his conviction.

### A. *Standard of Review*

We review both of Mr. Twitty's challenges to a district court's admission of evidence for abuse of discretion. *United States v. Ford*, 613 F.3d 1263, 1267 (10th Cir. 2010). "Under the abuse of discretion standard, the decision of a trial court will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *In re Nat. Gas Royalties Qui Tam Litig.*, 845 F.3d 1010, 1017 (10th Cir. 2017) (quotations omitted).

### B. *Analysis*

### 1. **Admission of Court Orders**

Mr. Twitty argues the court erred in admitting the court orders because they were (1) irrelevant, (2) hearsay, and (3) unfairly prejudicial.

At trial, Mr. Twitty's counsel objected to the orders' admission on only the first two bases—relevancy and hearsay—and raised no objection that the orders were

unfairly prejudicial under Rule 403.[4]  Because Mr. Twitty failed to make an unfair prejudice objection in district court and has not argued plain error on appeal, we do not address that issue.  *See United States v. De Vaughn*, 694 F.3d 1141, 1159 (10th Cir. 2012) (declining to consider an argument not raised in district court where the defendant fails to show on appeal that he meets the plain-error standard).  We thus only address his preserved arguments based on relevancy and hearsay.

### a.  *Relevancy*

The district court did not abuse its discretion in admitting the redacted court orders over Mr. Twitty's relevancy objections.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.

At trial, the Government used the orders to help explain why Mr. Twitty made the threats in his letters.  This evidence helped to prove his intent to issue a threat or his knowledge that such communication would be viewed as a threat—as required to sustain a conviction under § 876(c).  *Elonis*, 135 S. Ct. at 2012.

Mr. Twitty does not challenge that the orders were relevant to provide context to his letters.  Mr. Twitty concedes that each order ruled against him and thus "is relevant to his motive for issuing a threat . . . ."  Aplt. Br. at 11; *see also id.* at 15.

---

[4] Mr. Twitty raised only one Rule 403 objection, which was based on cumulativeness, not unfair prejudice.  ROA, Vol. 7 at 120.

But, he argues, "the other language in the orders"—which he argues portrayed him "as contentious, litigious and unreasonable" and were "disparaging" towards him—"is mostly irrelevant to whether the motive was more or less probable." *Id.* at 10-11, 15. We disagree.

The language contained in the orders—not just the courts' rulings—was relevant to Mr. Twitty's motive to send the threatening letters.

First, to the extent the orders criticized Mr. Twitty, the orders' language would make it more probable that Mr. Twitty had a motive—beyond just the rulings—to threaten the orders' authors.

Second, Mr. Twitty's own letters show the language in the orders—and not just the fact that he lost in each order—motivated him. For example, in one letter he referenced a passage in an Eleventh Circuit opinion and stated: "Is that right? That is not what there [sic] own [expletive omitted] law states." SROA at 9. His references to particular language in the court orders tend to show the orders' language motivated him to threaten the recipients.

Third, Mr. Twitty argues the orders are not relevant because some of them were "issued years before the letters were sent." Aplt. Br. at 15. But his letters' reference to the orders makes them relevant. For example, the letter mentioning a "Rule 60(b)(4) motion," SROA at 4, shows the 2008 order denying his motion motivated him to write the letter. *See id.* at 45, 48.

The district court thus did not abuse its discretion in admitting the orders over Mr. Twitty's relevancy objections.

b. *Hearsay*

The district court also did not abuse its discretion in admitting the court orders over Mr. Twitty's hearsay objections.

Hearsay is "a statement that . . . the declarant does not make while testifying at the current trial or hearing; and . . . a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).

On appeal, Mr. Twitty asserts, but fails to explain, why the orders contained hearsay statements. The orders were not hearsay because they were not offered to prove the truth of the statements in the orders. Rather, they were offered to show their effect on the listener (Mr. Twitty), to establish his intent to send threatening communications, and to provide context for Mr. Twitty's letters. Such evidence is not hearsay. *See United States v. Smalls*, 605 F.3d 765, 785 n.18 (10th Cir. 2010) (explaining statements were not hearsay when offered to establish their effect on the listener and to provide context for a defendant's statements, rather than to prove the truth of the matter asserted).

\* \* \* \*

The court did not abuse its discretion in admitting the court orders over Mr. Twitty's relevancy and hearsay objections. We thus affirm Mr. Twitty's conviction on this basis.

2. **Admission of Weapon and Ammunition Photos**

Mr. Twitty challenges the admission of photos depicting weapons and ammunition. He had objected that the photos were (1) irrelevant and (2) not

admissible under Rule 403.  On appeal, Mr. Twitty clarifies that his Rule 403 objections were based on the photos' potential for unfair prejudice and cumulativeness.

First, we disagree that the photos were irrelevant.  They gave context to Mr. Twitty's letters referencing the same weapons and ammunition depicted in the photos and also made his intent to threaten more likely because the photos showed that Mr. Twitty's letter referred to real, rather than fictitious, firearms.

Second, the photos were not unfairly prejudicial and did not, as Mr. Twitty argues, "serve[] only to frighten the jury."  Aplee. Br. at 17.  The photos helped to prove the letters' purpose of communicating a threat.  Although the photos were not included in Mr. Twitty's letters, they showed the potential danger of the weapons referenced in the letter.  The photos' probative value was not "substantially outweighed" by any risk of unfair prejudice—as required for exclusion under Rule 403.  *See United States v. Cerno*, 529 F.3d 926, 935 (10th Cir. 2008) ("Under Rule 403's balancing test, it is not enough that the risk of unfair prejudice be greater than the probative value of the evidence; the danger of that prejudice must *substantially* outweigh the evidence's probative value.").

Third, the photos were not cumulative, as Mr. Twitty contends, because the Government introduced only one photo for each type of weapon or ammunition referenced in the letters.

Fourth, Mr. Twitty asserts the court erred by admitting the photos without conducting its own balancing analysis on the record of the photos' potential for

unfair prejudice. But "[w]e have consistently upheld implicit Rule 403 determinations when the determinations are supported by the record" because we can conduct a "*de novo* balancing where the trial court failed to make explicit findings to support a Rule 403 ruling." *United States v. Lazcano-Villalobos*, 175 F.3d 838, 846-47 (10th Cir. 1999). The court's failure to make specific 403 findings thus does not warrant reversal because our own de novo balancing review supports the photos' admissibility.

The court did not abuse its discretion in admitting the photos over Mr. Twitty's objections.

## III. **CONCLUSION**

The court did not abuse its discretion in admitting the court orders and photos of weapons and ammunition referenced in Mr. Twitty's letters. We therefore deny his appeal and affirm his conviction.[5]

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

---

[5] The docket reflects that Mr. Twitty has submitted various letters and materials to the court. The court has reviewed them and they do not alter our decision.